# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Shenzhen happyrun Intelligent Technology Co., Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:26-cv-09679 |
| | ) | |
| v. | ) | |
| | ) | |
| The Partnerships and Unincorporated Associations Identified on Schedule A, | ) | |
| | ) | |
| Defendant | ) | |

## Complaint

**NOW COMES** Plaintiff Shenzhen happyrun Intelligent Technology Co., Ltd. ("Plaintiff"), by and through its undersigned counsel, hereby brings this case against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto ("Defendants") and alleges as follows:

### Introduction

1. This action has been filed by Plaintiff to address Defendants' making, using, offering for sale, selling and/or importing into the United States unauthorized and unlicensed products which infringe Plaintiff's patented design (the "Infringing Products"). A true and correct copy of Plaintiff's design patent (the "Plaintiff Patent") is attached hereto as **Exhibit 1**.

2. Defendants have traded and continue to trade upon Plaintiff's commercial reputation and goodwill by offering for sale and/or selling unlicensed products to consumers within the United States, including the State of Illinois and this Judicial District.

3. Defendants have created fully interactive, commercial internet stores operating under at least the online marketplace accounts identified in **Schedule A** attached hereto (the "Defendant Online Stores") and intentionally designed them to appear to be selling genuine Plaintiff products, while actually selling Defendants' own products to unknowing consumers.

4. Defendants attempt to avoid liability by going to lengths to conceal both their identity and the full scope and interworking of their infringing operations. Plaintiff is forced to file this action to combat Defendants' infringement of Plaintiff's patented design, as well as to protect unknowing consumers from purchasing unauthorized products over the Internet.

5. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from, *inter alia*, making, using, selling, offering for sale, and importing its patented design as a result of Defendants' actions and seeks injunctive and monetary relief.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a)-(b).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because each Defendant directly targets its business activities toward consumers in the United States, including Illinois and this Judicial District. Defendants reach out to do business with residents of Illinois and this Judicial District by setting up and operating one or more commercial, fully-interactive Defendant Online Stores that offer shipping to the United States, including Illinois, and accept payment in U.S. dollars, through which residents of Illinois and this Judicial District can purchase and/or have purchased unauthorized and unlicensed products which infringe Plaintiff's patented design. Each Defendant has sold and shipped an infringing product into Illinois and this Judicial District, has committed and is committing tortious acts in Illinois and this Judicial District, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## Parties

8. Plaintiff Shenzhen happyrun Intelligent Technology Co., Ltd. is a Chinese limited company.

9. Plaintiff sells various consumer products, including electric bicycles.

10. The ornamental design of Plaintiff's electric bicycle is covered under the Plaintiff Patent.

11. Plaintiff is the owner of all right, title, and interest in and to the Plaintiff Patent. *See* **Exhibit 1**.

12. Plaintiff Products are known for their distinctive patented design. This design is broadly recognized by consumers. Products tailored after this design (herein referred to as the "Plaintiff Design") are associated with the quality and innovation that the public has come to expect from Plaintiff Products.

13. Plaintiff offers its electric bicycles product in e-commerce, including via the Amazon.com marketplace.

14. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive Defendant Online Stores which operate on commercial online marketplaces. Each Defendant targets the United States, including Illinois and this Judicial District, and has offered to sell, has sold, and continues to sell Infringing Products to consumers within the United States, including the State of Illinois and this Judicial District.

15. On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products infringing the Plaintiff Design in the same transaction, occurrence, or series of transactions or occurrences. Tactics used by Defendants to conceal their identities and the full scope of their infringing operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their infringing network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend this Complaint.

**Defendants Unlawful Activities**

16. On information and belief, Defendants are an interrelated group of patent infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell the same Infringing Product in the same transaction, occurrence, or series of transactions or occurrences.

17. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District through, at least, the operation of their fully interactive stores on Amazon.com.

18. Each Defendant targets the United States, including Illinois residents, and has offered to sell and has sold Infringing Products to consumers within the United States, including the State of Illinois and this Judicial District through, at least through their respective Amazon.com storefronts.

19. Defendants sell and/or offer for sale the same Infringing Products that are virtually identical and which are represented on the Defendant Online Stores to come from the same manufacturer, "Huizhou Ensmai Intelligent Technology Co., Ltd," establishing a logical relationship between Defendants.

20. Plaintiff's investigator visited the Defendant Online Stores and purchased the Infringing Products, which were shipped into this Judicial District. *See*, **Exhibit 2.**

21. The purchased Infringing Products were reviewed and inspected, and it was determined that the purchased Infringing Products infringed Plaintiff's Design.  A comparison of Plaintiff's claim in the Plaintiff Design with each of the purchased Infringing Products demonstrates Defendants' infringement of the Plaintiff Patent.  *See*, **Exhibit 3**.

22. Defendants, without any authorization, license, or other permission from Plaintiff have offered for sale, sold, and/or imported into the United States for subsequent resale or use Infringing

Products that infringe directly and/or indirectly the Plaintiff Patent, and continue to do so via, at least, the Defendant Online Stores.

23. Defendants' infringement of the Plaintiff Patent in the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products was willful.

24. Defendants' willful infringement of the Plaintiff Patent in connection with the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products into Illinois, including this judicial district, is irreparably harming Plaintiff.

<strong>Count I - Patent Infringement (35 U.S.C. § 271)</strong>

25. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

26. Defendants make, use, offer for sale, sale, and/or import into the United States for subsequent use or sale products that infringe directly and/or indirectly the ornamental design claimed in Plaintiff Patent.

27. Defendants have infringed the Plaintiff Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

28. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**WHEREFORE**, Plaintiff Shenzhen happyrun Intelligent Technology Co., Ltd. prays for judgment against Defendants as follows:

A.  That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

    a.  making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the designs claimed in the Plaintiff Patent;

    b.  aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Plaintiff Patent; and

    c.  effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

B.  Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish, Joom, and Dhgate (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe the ornamental designs claimed in the Plaintiff Patent;

C.  That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of the Plaintiff Patent, but in no event less than a reasonable royalty for the use made of the inventions by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

D.  That the amount of damages awarded to Plaintiff to compensate it for infringement of the Plaintiff Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

**E.** In the alternative, that Plaintiff be awarded all profits realized by Defendants from their infringement of the Plaintiff Patent, pursuant to 35 U.S.C. § 289;

**F.** That Plaintiff be awarded its reasonable attorneys' fees and costs; and

**G.** Award any and all other relief that this Court deems just and proper.

Dated: August 12, 2026

Respectfully submitted,

/s/Adam E. Urbanczyk
AU LLC
444 W Lake St 17th Floor
Chicago, IL 60606
adamu@au-llc.com
Ph. (312) 715-7312
*Counsel for Plaintiff Shenzhen happyrun Intelligent Technology Co., Ltd.*